UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY TIFT,<br><br>      Plaintiff,<br><br>  v.<br><br>HILARY BRAMWELL MOHR,<br><br>      Defendant. | CASE NO. C18-1468JLR<br><br>ORDER TO SHOW CAUSE |

Liberally construed, before the court is *pro se* Plaintiff Gregory Tift's attempt to appeal an interlocutory order issued by the United States Bankruptcy Court for the Western District of Washington (the "Bankruptcy Court"). (*See* Transmittal of Documents (Dkt. # 1).) On September 21, 2018, the Bankruptcy Court issued an order granting the United States Trustee's motion to compel Mr. Tift to produce documents and appear for an examination. (*See id.* at 17-18.) On October 10, 2018, the Bankruptcy Court filed a transmittal of documents on this court's docket, indicating that Gregory Tift intended to appeal the Bankruptcy Court's September 21, 2018 order to this court. (*See*

ORDER - 1

*generally id.*) On November 6, 2018, the Bankruptcy Court filed on this court's docket a Notice of Appeal Status/Notice of Deficiency (the "Deficiency Notice"), which indicates that Mr. Tift failed to meet numerous requirements for his appeal. (*See* Deficiency Notice (Dkt. # 3).) The court takes judicial notice that the underlying case in the Bankruptcy Court was subsequently dismissed on December 10, 2018. *See In re Valentina Cherepanova Better Learning Inc.*, No. 18-11518 (Bankr. W.D. Wash. Dec. 10, 2018), Dkt. # 139 (order dismissing case).

The district courts of the United States have jurisdiction to hear interlocutory appeals from bankruptcy courts with leave of court. 28 U.S.C. § 158(a)(3). "To appeal from an interlocutory order or decree of a bankruptcy court under 28 U.S.C. § 158(a)(3), a party must file with the bankruptcy clerk a notice of appeal as prescribed by Rule 8003(a)." Fed. R. Bankr. P. 8004(a). The notice of appeal must "be accompanied by a motion for leave to appeal," which must include "(A) the facts necessary to understand the question presented; (B) the question itself; (C) the relief sought; (D) the reasons why leave to appeal should be granted; and (E) a copy of the interlocutory order or decree and any related opinion or memorandum." Fed. R. Bankr. P. 8004(b)(1). A bankruptcy appellant's failure to take the required steps for an appeal "does not affect the validity of the appeal, but is grounds only for the district court or BAP to act as it considers appropriate, including dismissing the appeal." Fed. R. Bankr. P. 8003(a)(2).

According to the Deficiency Notice, Mr. Tift failed to meet numerous requirements for his appeal, including requirements to pay the filing fee and file a designation of record, a statement of issues, and a requested transcript. (*See* Deficiency

Notice.) Additionally, this court notes a number of other deficiencies with Mr. Tift's attempted interlocutory appeal, including an "Appellee Statement of Election to Proceed in District Court" that appears to be signed by Mr. Tift, not the appellee (Transmittal of Documents at 23), and a wholly insubstantial record that does not include a motion for leave to appeal that meets the requirements of Federal Rule of Bankruptcy Procedure 8003(a)(2). The record before the court contains only a roughly one-page "notice of interlocutory appeal" (Transmittal of Documents at 20-21), which does not include "(A) the facts necessary to understand the question presented; (B) the question itself; (C) the relief sought; [or] (D) the reasons why leave to appeal should be granted," *see* Fed. R. Bankr. P. 8004(b)(1).

Accordingly, the court hereby ORDERS Mr. Tift, within 14 days of the date of this order, to show cause: (1) why his appeal should not be dismissed for failure to cure the deficiencies in the Deficiency Notice, (2) why his appeal should not be dismissed for failure to file a motion for leave to appeal that meets the requirements of Federal Rule of Bankruptcy Procedure 8004(b)(1), and (3) why his appeal should not be dismissed as moot now that the underlying bankruptcy case is closed. If Mr. Tift fails to timely and adequately respond to the court's show cause order within 14 days, the court will dismiss Mr. Tift's appeal and close this case.

Dated this 18th day of August, 2019.

JAMES L. ROBART
United States District Judge